IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-50243
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TODD RICKS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-206-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Todd Ricks was sentenced to 300 months of imprisonment after a jury convicted him of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g), possession of a firearm in furtherance of drug trafficking, a violation of 18 U.S.C. § 924(c)(1), and maintaining a house used for manufacturing methamphetamine, a violation of 21 U.S.C. § 856. Ricks appeals the latter two convictions on grounds of insufficient evidence. He also contends that trial counsel rendered ineffective assistance by failing to move for acquittal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thereby subjecting his insufficient-evidence claims to review only for a manifest miscarriage of justice.

A claim of ineffective counsel is generally not reviewed on direct appeal. However, in the past, we have considered at this stage a claim of ineffective assistance of counsel for failing to move for acquittal, reasoning that the record contains all of the evidence needed to decide whether counsel was ineffective for failing to file a motion to acquit. See United States v. Rosalez-Orozco, 8 F.3d 198, 199 (5th Cir. 1993). The Government has not suggested any additional evidence that should have been developed before consideration of this claim in this case at this stage. To prevail on his ineffective assistance claim, Ricks "must establish that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense." Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Absent a proper motion for acquittal, we review the sufficiency of the evidence only to determine whether there was a manifest miscarriage of justice, "that is, whether the record is devoid of evidence pointing to guilt." United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001) (internal quotation marks and citation omitted). Where there has been a proper motion to acquit, we determine "whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." Rosalez-Orozco, 8 F.3d at 200 (internal quotation marks and citation omitted). Accordingly, to show prejudice, Ricks must show "a reasonable probability that had counsel moved for a judgment of acquittal, the motion would have been granted on the basis of insufficiency of evidence." Rosalez-Orozco, 8 F.3d at 199. If the evidence is deemed sufficient when reviewed as if there had been a proper motion for acquittal, then Ricks was not prejudiced by the failure to move for acquittal. See id. at 199-200. Accordingly, to determine whether counsel's performance prejudiced Ricks, we "evaluate the sufficiency of the evidence as if

counsel had moved for judgment of acquittal at the close of the evidence." Id. at 200. As set forth below, the evidence is sufficient when reviewed under that standard. Therefore, Ricks was not prejudiced by any deficiencies in counsel's performance, and the claim of ineffective counsel fails. See Strickland, 466 U.S. at 694; Rosalez-Orozco, 8 F.3d at 202. In addition, because the evidence is sufficient under the "rational juror" standard, a conviction based on that evidence is not a manifest miscarriage of justice, which is the standard where, as here, the sufficiency issue has not actually been preserved. See Rosalez-Orozco, 8 F.3d at 200-02.

Ricks contends that the Government failed to prove that he possessed a firearm in furtherance of drug trafficking. Factors relevant to determining whether possession of a gun "furthers, advances, or helps forward a drug trafficking offense might include: the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (2000). "Mere presence" is not enough. Id. The Lorcin .38 caliber pistol at issue was found loaded in the same room with illicit drugs and paraphernalia. It was in the same small house where methamphetamine was regularly manufactured, in a drawer right next to Ricks's bed. Ricks's possession of the gun was unlawful, and he fired or displayed the weapon in the presence of visitors, scaring at least one of them. Expert testimony indicated that the weapon was a cheap and inaccurate "crime gun" that was not suitable for hunting but was suitable for protecting a methamphetamine laboratory. Government witnesses also testified that weapons are typically found around methamphetamine labs because they are useful for protecting the lab, the product, and the profits. These facts form a sufficient basis for any rational juror

to conclude that Ricks possessed the firearm in furtherance of drug trafficking. See Ceballos-Torres, 218 F.3d at 411 & n.3, 415.

Ricks also contends that the evidence was insufficient to prove that he "maintained" a house for the purpose of manufacturing methamphetamine. He argues that there was no evidence that he "maintained" the house by exercising sufficient dominion and control over it. Unrebutted evidence showed that Ricks made his home in the guest house for six months during which he manufactured methamphetamine many times. Visitors came to the house to buy and use drugs and to bring Ricks the ingredients to manufacture methamphetamine. A rational jury could conclude that Ricks "maintained" the house because he lived in it and used it to manufacture, sell and use drugs. See United States v. Onick, 889 F.2d 1425, 1431 (5th Cir. 1989).

The judgment of the district court is AFFIRMED.